UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LORENA DUNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:16-cv-03276-RLY-MJD |
| | ) | |
| GJI, INC. and MALKIAT SINGH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff was formerly employed as a housekeeper by Defendant, GJI, Inc. In her Complaint, filed on December 2, 2016, Plaintiff alleges GJI owes her overtime pay and unused vacation pay. On January 30, 2017, the Clerk issued an Entry of Default against the Defendants herein, GJI and Malkiat Singh. On May 3, 2017, Defendants moved to set the Entry of Default aside. The court referred the motion to the Magistrate Judge, who recommended that the court set aside the Clerk's Entry of Default.

"A party seeking to vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). Plaintiff objects, arguing Defendants failed to establish any of the three factors listed above.

1

The court finds Plaintiff's objections are without merit.  The evidence reflects that Malkiat Singh, then *pro se*, submitted a letter within two days of the Entry of Default advising the court that settlement had been reached between the parties on December 2, 2016, the same day the Complaint was filed.  The letter was signed by both Singh and Plaintiff.  Defendants also submitted the cancelled check to Plaintiff in the amount of $7,000, also dated December 2, 2016.  As the Magistrate Judge found, the evidence suggests that the Defendants reasonably believed the Plaintiff would not pursue this lawsuit.  Furthermore, Defendants quickly hired counsel, tendered a Case Management Plan, attended an initial pretrial conference, and filed a preliminary witness and exhibit list.  Although they did not immediately move to set aside the Entry of Default, they clearly were involved in the litigation, and Plaintiff suffered no prejudice.  Finally, Defendants submit they do have meritorious defenses, including accord and satisfaction and that Plaintiff, as an exempt managerial employee, was not entitled to overtime payments.  For these reasons, the court **OVERRULES** the Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 48).  Accordingly, the Motion to Set Aside (Filing No. 38) is **GRANTED**.

**SO ORDERED** this 3rd day of August 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.